IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     No. 4:19-cr-677-DPM

JUSTIN WILLIAM THABIT     DEFENDANT

## ORDER

**1.** For the reasons stated from the bench at the 16 December 2021 hearing, Thabit's motion for disclosure of the confidential informant's identity is denied. This is a mere-tipster case. The informant provided a lead on Thabit's whereabouts, but there's no indication that the informant is a material witness for trial. *United States v. Faulkner*, 826 F.3d 1139, 1147 (8th Cir. 2016); *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

**2.** For the reasons stated from the bench, the search of the Frase home was unconstitutional. The officers had a tip that Thabit was staying there and selling drugs. He was pulling out of the driveway when officers arrived. But presence is not residence. The search waiver did not extend to any place Thabit might stay. It covers his place of residence. Because the Court concludes that the officers intended to search when they arrived and found Thabit, the call to a lawyer as things unfolded does not save the bad search with good faith.

**3.** At the end of the hearing, the Court's mind was not at rest on the statement/search issues. Thabit's motion to suppress his statements is denied. The officers arrested Thabit for absconding on parole. This arrest was lawful. Based on the evidence of record, the Court finds that the officers advised Thabit of his *Miranda* rights, which he waived. The officers searched the Frase residence and Thabit made incriminating statements about contraband in the home. It is not clear, though, which came first: the search or the confession. One government witness testified that Thabit told officers about the contraband before the initial search, while two others couldn't recall the sequence of events. The circumstances were undoubtedly fluid.

Thabit didn't testify or give any statement about his recollection of the encounter. Instead, he relies on videos taken by Frase's doorbell that captured snippets of the day's events. Thabit argues these videos establish that the officers entered the residence and retrieved drugs before he incriminated himself. The videos do not show when Thabit first admitted to the drugs. And it is not clear that the videos show an officer retrieving drugs from the house. The officer testified that he believed the video showed him carrying a flashlight, which he produced for examination at the suppression hearing.

This motion thus comes down to the burden of proof on a murky record. Thabit hasn't carried his burden of producing specific evidence demonstrating that the unconstitutional search influenced him into

making the challenged incriminating statements. *United States v. Riesselman*, 646 F.3d 1072, 1079-80 (8th Cir. 2011). The evidence indicates instead that Thabit confessed to the guns and drugs before officers entered the home, or as they were doing so, when he was lawfully under arrest and properly advised of his rights. He therefore has not demonstrated an adequate causal nexus between the search and his statements. *Ibid.*

\* \* \*

The motion to identify the informant, *Doc 47*, is denied. The motion to suppress the results of the search, *Doc. 36*, is granted. The motion to suppress Thabit's statements, *Doc 34*, is denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 December 2021