IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR00677 DPM |
| | ) | |
| JUSTIN WILLIAM THABIT | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO
JUSTIN WILLIAM THABIT'S SENTENCING MEMORANDUM**

The United States, by Jonathan D. Ross, the United States Attorney, and Assistant U.S. Attorney Cameron C. McCree, submits the following response to Justin William Thabit's sentencing memorandum.

As an initial matter, the United States requests that the Court accept the Rule 11(c)(1)(C) plea agreement and sentence Justin Thabit to the high-end of the stipulated range. When sentencing a defendant, the Court must consider the factors under Title 18, United States Code, Section 3553(a). Those factors support a high-end Guidelines sentence.

**Nature and Circumstances of the Offense**

This case concerns a felon with a violent past being found in possession of numerous firearms and methamphetamine shortly after release from prison and while he was absconding from supervision. Thabit's PSR correctly calculates his Guidelines range as 92 to 115 months' imprisonment. Thabit admits his prior convictions, and there is evidence already in the record to support the belief that Thabit possessed methamphetamine and seven guns, including two weapons that fall under the National Firearms Act. *See Transcript,* ECF No. 39, at 14:3-19; *see also* ECF Nos. 116-1 and 116-2 (documenting Thabit's confession that he was in possession of seven firearms and methamphetamine).

The United States rejects Thabit's contention that advocating for a correct calculation of the base offense level violates the plea agreement. The plea agreement explicitly states "that the base offense level shall be determined under Section 2K2.1 of the Sentencing Guidelines." *Plea Agreement*, ECF No. 148, at 4. The plea agreement specifically mentions that Thabit will not be enhanced under Section 2K2.1(b)(3)(B). *Id*. The agreement also mentions that no other enhancements apply. *Id*. at 5. The two stipulations regarding enhancements does not impact how the base offense level will be calculated. Further, the Court is entitled to consider everything that happened, and the United States is free to ensure the Court has access to all the facts needed to determine the appropriate sentence. *Id*. at 7 (explaining that "The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.").

**The History and Characteristics of the Defendant**

Thabit contends that he is changed person, but his record says otherwise. Thabit's extensive criminal history is detailed in the PSR and in the Government's brief in opposition to Thabit's motion to reopen the detention hearing (ECF No. 77). The most serious offense is his conviction for murdering another young man. Thabit was sentenced to 252 months' imprisonment for the offense. He served much of that time because he could not follow prison rules. *See id*. at 3. After he was released in November 2016, he continued his criminal behavior. In October 2018, he was sent back to prison on a parole sanction. *Id*. When he was released from custody that time, he still had not learned from his mistakes. He started a new term of parole in January 2019, and by the end of the month, he started having issues with his supervising officer. *Id*. Thabit completely absconded from supervision in March, and he remained in absconder status until June 2019 when the Fugitive Task Force found him. *Id*.  His arrest in June 2019 gave rise to the present charges. *Id*. at 4. Thabit has been in custody since then.

There is no concrete evidence to support Thabit's self-serving contention that he has changed. His past is the better indicator of what to expect from him in future.

**Need for the Offense to Reflect the Seriousness of the Offense**

Thabit's sentencing memorandum downplays the seriousness of his offense. His offense involved more than just the five guns he admits he possessed. Here, it's important to note that Thabit admitted to Arkansas Community Correction that he possessed seven guns and methamphetamine. *See* ECF No. 116-1 and 116-2. The combination of drugs and guns substantially increases the risk of physical harm to another person, which makes possessing them simultaneously a serious offense. *United States v. Watson*, 650 F.3d 1084, 1093 (8th Cir. 2011) ("We conclude that possession of a firearm while committing a drug trafficking offense presents a serious potential risk of physical injury to another[.]"). Further, considering his two prior convictions for crimes of violence, conviction of the drug offense would have resulted in Thabit being a career offender. *See U.S.S.G. § 4B1.1*. The enhanced Guidelines range that comes with a career offender designation speaks to the Sentencing Commission's assessment of the seriousness of repeated drug offenses by people with violent histories, such as Thabit.

**Need for the Sentence to Promote Respect for the Law and Afford Adequate Deterrence**

Thabit has been given many opportunities to do better, and he hasn't availed himself of them. A lengthy term in the Bureau of Prisons is warranted to promote respect for the law and to deter Thabit and others from committing similar offenses.

**Need for Just Punishment**

Thabit committed the crime for which he was convicted a short time after being released from prison and after he murdered someone. That is offensive and deserving of punishment.

**CONCLUSION**

After considering all the relevant factors, the United States believes that sentencing Thabit to the high-end of the stipulated Guidelines range is more than fair. Evidence that he committed additional crimes is in the record. His plea agreement shielded him from charges with a higher statutory penalties and Guidelines ranges. Reducing his ultimate sentence further would stack benefit on benefit, and the record simply does not support any additional leniency. For all these reasons, the United States asks that the Court impose a sentence of 96 months' imprisonment with 3 years of supervised release to follow.

        JONATHAN D. ROSS
        United States Attorney

By:  CAMERON C. McCREE (2007148)
      Assistant U.S. Attorney
      P.O. Box 1229
      Little Rock, Arkansas 72203
      (501) 340-2600
      Cameron.McCree@usdoj.gov